Plaintiff, while working for M.A. Walker, independent contractor of the Mansfield Hardwood Lumber Company, Inc., on May 16, 1945, experienced an accident that caused injury to the left wrist joint admittedly producing temporary total disability to perform manual labor. He was paid compensation on this basis for six weeks at the rate of $15.60 per week, and was then discharged by his physician as being able to resume work. On the theory that said injury and consequent pathology brought about permanent total disability to do work of any reasonable character, plaintiff sued Walker and said lumber company to recover compensation at the rate of $20.00 per week for four hundred weeks and for medical expenses, etc., not to exceed $500.00.
Defendant resists the suit on the ground that plaintiff now suffers no disability whatever as a result of said accident but, on the contrary, since discharged by his physician he has been and is now well able to do the same character of work he was performing when injured.
There was judgment for plaintiff for $3.12 per week for one hundred fifty weeks, less amounts previously paid him, on the basis of twenty per cent loss of earning power or disability. Both sides appealed to this court.
Plaintiff has abandoned his original position of total permanent disability and now contends that his loss of ability due to the accident should be fixed at one-third and that his weekly wage was much more than $24.00, as found by the lower court.
Defendants argue that plaintiff's demand should have been rejected in toto for lack of proof of present disability.
Plaintiff does not exclusively gain a livelihood for himself and family by working as a log cutter. He owns, lives on and annually operates a farm. When his time is not needed on the farm he seeks public work to augment the family income.
When injured plaintiff and another workman, referred to as his saw partner, were engaged in sawing down a tree preparatory to converting it into saw logs. As the tree fell it struck another one and disengaged therefrom a limb that fell across plaintiff's wrist which had been raised above his head for protection. He continued to work until the tree had been reduced to logs and then went home. The wrist was giving him much pain. He promptly went to Dr. E.E. Vines, for examination and treatment, but no X-rays were then made. However, Dr. Vines was evidently of the opinion that a fracture had occurred as he put the joint in splints, immobilized it, and allowed it to so remain for some six weeks. But this treatment did not bring about the desired results. The wrist continued to give pain and much discomfort. Subsequently three different physicians examined and X-rayed the wrist and from these pictures and the testimony of these doctors we are clear in the opinion that when the limb struck the wrist it severed from the ulna the styloid process. This is the lower part of the ulna that connects with bones of the wrist joint and serves as an important factor in the functioning of that joint and gives to it much strength. So long as this little chip of bone remains detached from the ulna it will give pain that will be aggravated when the wrist is constantly used or twisted. An operation is the only specific for relief. This could easily be performed and with meager risk of unfavorable reaction.
In July, following the accident, plaintiff applied to another sawmill company for employment and after being examined physically and otherwise, the company's physician passed him as being in a condition to do heavy work, and he did work as a log cutter with said company for several months. *Page 68 
During the year 1946 plaintiff, with the assistance of his wife, made a crop on his farm. The case was tried November 13, 1946.
The record leaves little or no doubt of the character of disability that has finally resulted from the accident. The power of grip of the left hand is impaired to a material extent. For this reason plaintiff cannot use an axe, and chopping is an important factor in felling and sawing trees into logs. This reduced gripping power naturally prevents him from using the hand in a normal manner when pushing and pulling the saw employed in felling trees and converting them into logs.
While working for the sawmill company, after being injured, plaintiff's earnings were practically the same as he earned prior thereto. And the same earnings also accrued to him when he, with his father, cut down trees to be coverted into ties.
Plaintiff testified, and in so doing he is supported by fellow workmen, that he cannot now carry one-half the burden of sawing down trees, etc. as he formerly could do, and because of this disability his saw partners are forced to do more than their part and as a consequence object to working with him as a saw partner. It is further shown that because of the foregoing conditions plaintiff has been forced to work with his father as a saw partner, who, naturally, is willing to and does carry more than his share of the work burden in order to enable plaintiff to rate as a log cutter and hold employment.
The case was tried before Judge Hal A. Burgess who died before rendering judgment therein. Judge Fraser passed on the issues tendered on the record as built up before Judge Burgess. He gave no written reasons to support his judgment.
Under the Workmen's Compensation Law the loss of a hand entitles the claimant to sixty-five per cent of his weekly wage for one hundred fifty weeks. Paragraph (d) 15 of Sub-section 1 of Section 8 of said law reads as follows: "In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as the disability to such member bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member." Act No. 242 of 1928, p. 358.
[1] Evidently the court employed this provision to reach the conclusion it did, but there is no testimony in the record to support the holding that plaintiff's disability is twenty per cent. We believe the quoted provision has application. No effort was made to prove by medical experts the extent of loss of functioning of the hand because of the wrist's impaired condition. One lay witness testified that it was "off about one-fourth or one-third".
[2] It has been three years since plaintiff was injured. If the injury was amenable to the curative power of nature, surely it has exerted itself by now. This possibility and the extent of loss of functioning of the hand, due to the injury, should be the subjects of further consideration and testimony, and the case will have to be remanded for this purpose.
For the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed, and this case is now remanded to the lower court for the purposes above mentioned. One-half of the cost of appeal is assessed against each appellant. The fixing of liability for all other costs will await final judgment in the case.